## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CFA INSTITUTE, a Virginia Non-Stock** | § | |
| **Corporation, 915 E. High Street,** | § | |
| **Charlottesville, Virginia  22902,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:14-cv-320** |
| | § | |
| **ANTOINE ANDRE, an Individual,** | § | |
| **1325 15th Street NW, Apt. 907,** | § | |
| **Washington, District of Columbia 20005,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

Plaintiff CFA Institute ("CFA Institute" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint for Trademark Infringement, Unfair Competition, and Dilution against Defendant Antoine ("Tony") Andre ("Andre" or "Defendant"), and avers as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     CFA Institute is a Virginia non-stock corporation located and doing business at 915 E. High Street, Charlottesville, Virginia 22902.

2.     Upon information and belief, Defendant Andre is an individual who resides at 1325 15th Street NW, Apt. 907, Washington, D.C. 20005.   Upon information and belief, Defendant is Vice President of PCN Strategies, which has its headquarters at 1101 15th Street NW, Suite 206, Washington, D.C. 20005.

3.     This is an action for trademark infringement and unfair competition under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, trademark

dilution under 15 U.S.C. § 1125(c), and trademark infringement and unfair competition under the common law of the District of Columbia.

4.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114, federal unfair competition pursuant to 15 U.S.C. § 1125(a), and federal dilution pursuant to 15 U.S.C. § 1125(c).

5.     The Court has supplemental jurisdiction over the claims of CFA Institute arising under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims of CFA Institute under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.     The Court has personal jurisdiction over the Defendant consistent with the principles underlying the United States Constitution and the District of Columbia because, among other things, Defendant resides in and transacts business in the District of Columbia.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in the District of Columbia, which is where a substantial part of the events or omissions giving rise to the claims occurred and are occurring.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### CFA INSTITUTE'S VALUABLE RIGHTS

8.     CFA Institute is an internationally renowned global, not-for-profit association of investment professionals with over 110,000 members in 136 countries worldwide and 138 local member societies in sixty countries.  In connection therewith, CFA Institute uses in interstate commerce and owns the famous and distinctive trademarks CFA, CFA INSTITUTE, and CHARTERED FINANCIAL ANALYST, and variations thereof (the "CFA Trademarks"),

including several United States trademark registrations.  Since as early as 1962, CFA Institute and its predecessors-in-interest have continuously used the CFA Trademarks in interstate commerce.

9.     CFA Institute's predecessor-in-interest coined the designation "Chartered Financial Analyst" or "CFA" and began using it to identify its certification program to its members and those belonging to its sister organization.  CFA Institute has all the rights, benefits, and interests of its predecessors in connection with and arising out of the CFA Trademarks and associated certification program, including all intellectual property rights therein.

10.     CFA Institute owns twelve United States trademark registrations for the CFA Trademarks, with a date of first use at least as early as 1962.

11.     CFA Institute certifies the financial analysis services of others (the "Certification Services") under its CFA CHARTERED FINANCIAL ANALYST & Design Mark (U.S. Reg. No. 2661114) (the "CFA Certification Mark"), and offers educational, publication, and association goods and services "in the field of financial analysis" (collectively hereinafter, together with the Certification Services, the "CFA Institute Goods & Services") under its marks C.F.A. (U.S. Reg. No. 935504), CFA (U.S. Reg. No. 2493889), CFA (U.S. Reg. No. 2495459), CFA THE INSTITUTE OF CHARTERED FINANCIAL ANALYSTS & Design (U.S. Reg. No. 2580663), CFA INSTITUTE (U.S. Reg. No. 3202615), CFA INSTITUTE & Design (U.S. Reg. No. 3308178), CFA INSTITUTE & Design (U.S. Reg. No. 4296372), CFA INSTITUTE (U.S. Reg. No. 4389314), CHARTERED FINANCIAL ANALYST (U.S. Reg. No. 2513924), CHARTERED FINANCIAL ANALYST (U.S. Reg. No. 2655303), and CHARTERED FINANCIAL ANALYST (U.S. Reg. No. 2511564) (collectively hereinafter, together with the CFA Certification Mark, the "CFA Marks").

12.     CFA Institute has duly and properly registered the CFA Marks in the United States Patent and Trademark Office ("USPTO") on the Principal Register.

13.     CFA Institute filed its federal trademark application for C.F.A. for "association services, namely, the promotion of interest and professional standards in the field of financial analysts" in International Class 42, on August 14, 1970, with a claimed date of first use of September 15, 1963.  This registration issued on June 6, 1972 as Registration No. 935504.  This registration was deemed incontestable by the USPTO on September 19, 1977.  A true and correct copy of this incontestable United States Trademark Registration No. 935504 is attached hereto as Exhibit A.

14.     CFA Institute filed its federal trademark application for CFA for "educational services, namely arranging, conducting and providing courses of instruction, workshops, seminars, and conferences in the field of financial analysis and distributing course materials in connection therewith" in International Class 41, on August 30, 1999, with a claimed date of first use of December 31, 1962.   This registration issued on October 2, 2001 as Registration No. 2493899.  This registration was deemed incontestable by the USPTO on October 16, 2007. A true and correct copy of this incontestable United States Trademark Registration No. 2493899 is attached hereto as Exhibit B.

15.     CFA Institute filed its federal trademark application for CFA for "printed publications in the field of financial analysis and in support of the interests of financial analysts" in International Class 16, on August 30, 1999, with a claimed date of first use of December 31, 1965.   This registration issued on October 9, 2001 as Registration No. 2495459.   This registration was deemed incontestable by the USPTO on October 28, 2008.  A true and correct

copy of this incontestable United States Trademark Registration No. 2495459 is attached hereto as Exhibit C.

16.     CFA Institute filed its federal trademark application for CFA THE INSTITUTE OF CHARTERED FINANCIAL ANALYSTS & Design for "printed publications in the field of financial analysis and in support of the interests of financial analysts" in International Class 16, on August 30, 1999, with a claimed date of first use of June 30, 1971.  This registration issued on June 18, 2002 as Registration No. 2580663.  This registration was deemed incontestable by the USPTO on June 16, 2008.  A true and correct copy of this incontestable United States Trademark Registration No. 2580663 is attached hereto as Exhibit D.

17.     CFA Institute filed its federal trademark application for CFA CHARTERED FINANCIAL ANALYST & Design for "financial analysis services" in International Class B, on August 30, 1999, with a claimed date of first use of May 1, 1999.  This registration issued on December 17, 2002 as Registration No. 2,661,114.  This registration was deemed incontestable by the USPTO on September 3, 2008.  A true and correct copy of this incontestable United States Trademark Registration No. 2661114 is attached hereto as Exhibit E.

18.     CFA Institute filed its federal trademark application for CFA INSTITUTE for "printed publications, namely, newsletters, brochures, books, digest books, and monographs in the fields of investment management and financial analysis and in support of the interests of investment professionals and financial analysts" in International Class 16, "association services, namely, the promotion of professional standards and practices and providing career information in the fields of investment management and financial analysis; promoting the interests of investment professionals and financial analysts" in International Class 35, and "educational services, namely, arranging, conducting, and providing courses of instruction, examinations,

workshops, seminars and conferences in the fields of investment management and financial analysis and distributing course materials in connection therewith" in International Class 41, on April 30, 2004, with a claimed date of first use of June 1, 2004.  This registration issued on January 23, 2007 as Registration No. 3202615.  This registration was deemed incontestable by the USPTO on January 25, 2013.  A true and correct copy of this incontestable United States Trademark Registration No. 3202615 is attached hereto as Exhibit F.

19.     CFA Institute filed its federal trademark application for CFA INSTITUTE & Design for "printed publications, namely, newsletters, brochures, books, digest books, and monographs in the fields of investment management and financial analysis and in support of the interests of investment professionals and financial analysts" in International Class 16, "association services, namely, the promotion of professional standards and practices and providing career information in the fields of investment management and financial analysis; promoting the interests of investment professionals and financial analysts" in International Class 35, and "educational services, namely, arranging, conducting, and providing courses of instruction, examinations, workshops, seminars and conferences in the fields of investment management and financial analysis and distributing course materials in connection therewith" in International Class 41, on April 30, 2004, with a claimed date of first use of May 2005.  This registration issued on October 9, 2007 as Registration No. 3308178.  A true and correct copy of this United States Trademark Registration No. 3308178 is attached hereto as Exhibit G.

20.     CFA Institute filed its federal trademark application for CFA INSTITUTE & Design for "printed publications, namely, newsletters, brochures, books, digest books, and monographs in the fields of investment management and financial analysis and in support of the interests of investment professionals and financial analysts" in International Class 16,

"association services, namely, the promotion of professional standards and practices and providing career information in the fields of investment management and financial analysis; promoting the interests of investment professionals and financial analysts" in International Class 35, and "educational services, namely, arranging, conducting, and providing courses of instruction, examinations, workshops, seminars and conferences in the fields of investment management and financial analysis and distributing course materials in connection therewith" in International Class 41, on November 22, 2011, with a claimed date of first use of May 2012. This registration issued on February 26, 2013 as Registration No. 4296372.  A true and correct copy of this United States Trademark Registration No. 4296372 is attached hereto as Exhibit H.

21.     CFA Institute filed its federal trademark application for CFA INSTITUTE for "downloadable publications, in the nature of newsletters, magazines, books, digest books, and monographs and downloadable video and audio content, all in the fields of investment management and financial analysis" in International Class 9, on June 13, 2012, with a claimed date of first use of June 2004.  This registration issued on August 20, 2013 as Registration No. 4389314.   A true and correct copy of this United States Trademark Registration No. 4389314  is attached hereto as Exhibit I.

22.     CFA Institute filed its federal trademark application for CHARTERED FINANCIAL ANALYST for "printed publications in the field of financial analysis and in support of the interests of financial analysts" in International Class 16, on August 30, 1999, with a claimed date of first use of December 31, 1992.  This registration issued on December 4, 2001 as Registration No. 2513924.  This registration was deemed incontestable by the USPTO on June 16, 2008.  A true and correct copy of this incontestable United States Trademark Registration No. 2513924 is attached hereto as Exhibit J.

23.     CFA Institute filed its federal trademark application for CHARTERED FINANCIAL ANALYST for "association services, namely promoting the interests of financial analysts" in International Class 42, on August 30, 1999, with a claimed date of first use of December 31, 1992.  This registration issued on December 3, 2002 as Registration No. 2655303.  This registration was deemed incontestable by the USPTO on August 25, 2008.  A true and correct copy of this incontestable United States Trademark Registration No. 2655303 is attached hereto as Exhibit K.

24.     CFA Institute filed its federal trademark application for CHARTERED FINANCIAL ANALYST for "educational services, namely arranging, conducting and providing course of instructions, workshops, seminars, and conferences in the field of financial analysis and distributing course materials in connection therewith" in International Class 41, on August 30, 1999, with a claimed date of first use of December 31, 1992.  This registration issued on November 27, 2001 as Registration No. 2511564.  This registration was deemed incontestable by the USPTO on May 29, 2008.  A true and correct copy of this incontestable United States Trademark Registration No. 2511564 is attached hereto as Exhibit L.

25.     The federal trademark registrations referenced above and attached hereto as Exhibits A through L are valid and subsisting, and provide conclusive evidence of the right of CFA Institute to use the CFA Marks in commerce.

26.     The CFA Marks clearly establish that CFA Institute has senior trademark rights in its family of CFA Marks and consequently there is no question of priority of rights, as such priority clearly belongs to CFA Institute.

27.     CFA Institute's United States Trademark Registration Nos. 935504, 2493899, 2495459, 2580663, 2661114, 3202615, 2513924, 2655303, and 2511564 referenced above and

attached hereto as Exhibits A through F and J through L, are valid and incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and are therefore conclusive evidence of the validity of the registered marks and of the registration of the marks, of the ownership of the marks by CFA Institute, and of the exclusive right to use the registered marks in commerce by CFA Institute under Section 33 of the Lanham Act, 15 U.S.C. § 1115.  As such, CFA Institute's incontestable federal trademark registrations confer exclusive use of the CFA Marks throughout the United States in connection with the CFA Institute Goods & Services.

28.     CFA Institute has extensively used the CFA Marks and has advertised, promoted, and offered the CFA Institute Goods & Services under the CFA Marks in interstate commerce through various channels of trade.  As a result, the customers and potential customers of CFA Institute, and the public in general have come to know and recognize the CFA Marks as identifying the CFA Institute Goods & Services as goods and services of the highest quality offered by CFA Institute, and associate the CFA Marks with the CFA Institute Goods & Services.  CFA Institute has thus built up extensive and invaluable goodwill in connection with the offering of its goods and services under the CFA Marks.

29.     CFA Institute administers the internationally recognized CFA Program.  The CFA Program is a graduate level, self-study examination system for investment professionals.  The CFA Program sets the global standard for investment knowledge, standards, and ethics, and is highly esteemed worldwide.

30.     The CFA qualification may be described as roughly equivalent to a post-graduate degree in investment management.  Candidates who seek the CFA charter and membership in CFA Institute must:

(i)     have at least four years of acceptable work experience as a financial analyst; that is, someone who spends a substantial portion of time collecting, evaluating, or applying financial, economic, and statistical data, as appropriate, in the investment decision-making process;

(ii)    pass a series of three rigorous, six-hour examinations, covering, *inter alia*, the fields of accounting, economics, securities analysis, and asset portfolio management;

(iii)   submit sponsorship forms from other members and a supervisor; and

(iv)    comply at all times with the Code of Ethics and Standards of Professional Conduct of CFA Institute.

31.     Upon successful completion of CFA Institute's registration process and examination, candidates are awarded the right to use the CFA Certification Mark, the professional designation "Chartered Financial Analyst" or "CFA" (collectively hereinafter, the "Professional Designation"), and become eligible for CFA Institute's membership.  Members must pay annual dues and sign a professional conduct statement each year.

32.     CFA Institute offers a range of educational programs and services for members, program candidates, investors, employers, institutions, and the press.  CFA Institute's mission is to lead the investment profession globally by setting the highest standards of ethics, education, and professional excellence.  To reflect this, CFA Institute has developed a code of ethics and standards of professional conduct for investment professionals.  All members of CFA Institute and all CFA Program candidates must adhere to the CFA Institute Code of Ethics and Standards of Professional Conduct.

33.     CFA Institute has used the CFA Marks for over fifty years, and has invested significant amounts of time, money, and effort in advertising and promoting the CFA Marks. CFA Institute's advertisements are seen and heard around the world by potential candidates, investment professionals, high-net-worth investors, employers, and regulators.  CFA Institute regularly advertises in print and online versions of *The Economist*, *Bloomberg Markets*, *Financial Times*, *Wall Street Journal*, *Reuters*, *Business Insider*, *Globe and Mail*, and other high-profile publications read by investment professionals worldwide.  CFA Institute also advertises on social media sites such as Facebook, Twitter, SinaWeibo, LinkedIn, and Google+.

34.     CFA Institute's charterholders heavily use and rely upon the CFA Certification Mark and Professional Designation to signify their mastery of the CFA Program and rigorous examinations, adherence to a code of ethics, and specific work and education requirements.

35.     The CFA Certification Mark and Professional Designation hold great value for CFA Institute's charterholders.

36.     CFA Institute's CFA Marks, including in particular the CFA Certification Mark and Professional Designation, are known as the gold standard of professional credentials within the global investment community.

37.     Investors and financial professionals recognize the CFA Marks as the definitive standard for measuring competence and integrity in the fields of portfolio management and investment analysis.

38.     The CFA Marks are well-known and famous among the general public as signifying the CFA Institute Goods & Services, including in particular the Certification Services, and have been famous since long before Defendant began engaging in the complained of conduct in this Complaint.

**DEFENDANT'S WRONGFUL CONDUCT**

39.     Notwithstanding CFA Institute's exclusive and long-standing rights in and to the CFA Marks, and well after 1972, the earliest federal trademark registration date for the CFA Marks, Defendant adopted and began using marks that are identical to or substantially indistinguishable from the CFA Marks, namely, CFA, CFA INSTITUTE, and CHARTERED FINANCIAL ANALYST (collectively, the "Infringing CFA Marks") to suggest falsely that Defendant has been certified by CFA Institute, is a CFA charterholder, and is entitled to use the CFA Certification Mark and Professional Designation (the "Defendant Services").

40.     CFA Institute has never certified Defendant nor authorized Defendant to use the CFA or CHARTERED FINANCIAL ANALYST Marks or Professional Designation.   CFA Institute is the sole administrator and grantor of the CFA Certification Mark and Professional Designation.

41.     The Defendant Services are in direct competition with, and indeed contravention of, the CFA Institute Goods & Services.

42.     Defendant's use of the Infringing CFA Marks is identical to and confusingly similar to CFA Institute's CFA Marks in appearance, sound, meaning, and commercial impression.

43.     Defendant's use of the Infringing CFA Marks trades off the goodwill of CFA Institute's CFA Marks and is without permission or license from CFA Institute.

44.     Defendant uses in commerce the Infringing CFA Marks, which are identical to and confusingly similar to the CFA Marks of CFA Institute, in connection with the advertisement and promotion of Defendant and the Defendant Services by falsely suggesting that he has been certified by CFA Institute and is a CFA charterholder.

45.     Upon information and belief, Defendant deliberately and willfully holds himself out as "Tony Andre, CFA," in online profiles on third-party websites, including Chamber.com, LinkedIn, Yatedo, and Bullhorn Reach, to suggest falsely that he has been certified by CFA Institute, is a CFA charterholder, and is entitled to use the CFA Certification Mark and Professional Designation.  Specifically, on Chamber.com, Defendant lists "CFA Institute" under "My Affiliations" and "CFA, Chartered Financial Analyst" under "Awards/Honors."   On Yatedo, Defendant lists "CFA, Chartered Financial Analyst" under "Milestones."   True and correct    copies    of    screen-shots    from    http://chamber.com/tony-andre-cfa, http://www.linkedin.com/in/tonyandre, http://www.yatedo.com/p/Tony+Andre,+CFA/normal/c8953a424e7e917199c9cacd726b3d80, and http://www.bullhornreach.com/user/128927_tony-andre-cfa-lion-5600 are attached hereto as Exhibits M, N, O, and P, respectively.

46.     Upon information and belief, Defendant purports to be a member of "LION," which is an acronym for "LinkedIn Open Networkers," a group of LinkedIn members who liberally add contacts to reach a high level of interconnectivity to other LinkedIn members.  *See* Exhibit P.

47.     Prior to CFA Institute's filing of the Complaint in this action, CFA Institute made a good faith effort to resolve this matter.   Nevertheless, as has become readily apparent, Defendant has no intention of resolving this matter, but instead continues to advertise and promote himself and his services under the Infringing CFA Marks.  As a result, CFA Institute has had no choice but to commence this action.

48.     Defendant uses and intends to use the Infringing CFA Marks without the authorization of CFA Institute, thereby confusing consumers as to his certification by CFA

Institute and resulting in damage and detriment to CFA Institute and its reputation and goodwill, and harm to its authorized CFA charterholders.

49.     Consumers are likely to believe mistakenly that Defendant successfully completed the rigorous CFA Program and adheres to the CFA Institute Code of Ethics and Standards of Professional Conduct.  Thus, Defendant's misleading conduct is likely to harm consumers.

50.     Upon information and belief, Defendant knew or had reason to know of the CFA Marks of CFA Institute at the time Defendant commenced use of his Infringing CFA Marks.

51.     Upon information and belief, Defendant intentionally adopted and uses the Infringing CFA Marks so as to create consumer confusion and traffic off CFA Institute's reputation and goodwill under the CFA Marks.

52.     CFA Institute has used its CFA Marks continuously on or in connection with the CFA Institute Goods & Services in interstate commerce prior to the date Defendant commenced use of his Infringing CFA Marks.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement – 15 U.S.C. § 1114)

53.     CFA Institute repeats and realleges each and every allegation contained in Paragraphs 1 through 52 above, as if set forth herein in full.

54.     Defendant's Infringing CFA Marks are identical to or substantially indistinguishable from the CFA Marks of CFA Institute in appearance, sound, meaning, and commercial impression that the use and registration thereof is likely to cause confusion, mistake, and deception as to the authorization and/or certification of Defendant and the Defendant Services, and that the public is likely to be confused, deceived, and to assume erroneously that Defendant and the Defendant Services have been certified by CFA Institute or that Defendant is

in some way connected with, licensed, authorized, or certified by or affiliated with CFA Institute, and will irreparably injure and damage CFA Institute and the goodwill and reputation symbolized by the CFA Marks of CFA Institute, and will likely harm its authorized CFA charterholders and consumers.

55.     As the Infringing CFA Marks as used by Defendant and in connection with the Defendant Services are identical to or substantially indistinguishable from the CFA Marks, the public is likely to be confused, deceived, and to assume erroneously that Defendant and the Defendant Services have been certified by CFA Institute or that Defendant is in some way connected with, licensed, or sponsored by or affiliated with CFA Institute, all to CFA Institute's and its authorized CFA charterholders' irreparable damage, as well as the public's detriment.

56.     Likelihood of confusion is enhanced by the fact that the CFA Marks of CFA Institute are strong, well-known, and entitled to a broad scope of protection.

57.     Likelihood of confusion is also enhanced by the fact that Defendant's Infringing CFA Marks and the CFA Marks of CFA Institute both incorporate the identical marks CFA, CFA INSTITUTE, and CHARTERED FINANCIAL ANALYST.

58.     Likelihood of confusion is further enhanced by the fact that Defendant uses the Infringing CFA Marks to suggest falsely that Defendant has been certified by CFA Institute, is a CFA charterholder, and is entitled to use the CFA Certification Mark.

59.     Defendant is not affiliated or connected with CFA Institute and has not been approved or certified by CFA Institute, nor has CFA Institute approved Defendant's use of the CFA Certification Mark or Professional Designation or any of the Defendant Services offered or sold or intended to be sold by Defendant under the Infringing CFA Marks.

60.     Defendant has never sought or obtained the permission of CFA Institute to use the Infringing CFA Marks, nor has CFA Institute approved or certified Defendant or authorized Defendant to use the CFA Marks, including in particular the CFA Certification Mark and Professional Designation.

61.     CFA Institute's United States Trademark Registrations identified above provide, at the very least, constructive notice to Defendant of the rights of CFA Institute in and to the CFA Marks.

62.     Defendant's use of the Infringing CFA Marks in connection with the Defendant Services is likely to cause confusion, mistake, or deception of consumers as to the authorization or certification of the services, in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114.

63.     Consumers are likely to engage Defendant or to purchase or engage the Defendant Services being offered under the Infringing CFA Marks believing them to have been certified by CFA Institute, thereby resulting in a loss of goodwill and economic harm to CFA Institute.

64.     Upon information and belief, Defendant intentionally adopted and uses the Infringing CFA Marks so as to create consumer confusion and traffic off CFA Institute's reputation and goodwill under the CFA Marks.

65.     CFA Institute is informed and believes, and on that basis, alleges that Defendant has derived unlawful gains and profits from his infringing use of the Infringing CFA Marks.

66.     The goodwill of CFA Institute's business under the CFA Marks is of great value, and CFA Institute will suffer irreparable harm should Defendant's infringement be allowed to continue to the detriment of the trade reputation and goodwill of CFA Institute for which damage CFA Institute cannot be adequately compensated at law.

67.     CFA Institute has no control over the quality of the services offered by Defendant. Thus, the great value of the CFA Marks of CFA Institute is subject to damage and dilution by an entity and individual CFA Institute cannot control.

68.     Unless enjoined by this Court from so doing, Defendant will continue to engage in his acts of infringement, to the irreparable damage and injury of CFA Institute.

69.     Upon information and belief, Defendant has engaged in acts of infringement, with knowledge of CFA Institute's exclusive rights in and to the CFA Marks in connection with the CFA Institute Goods & Services, and Defendant continues in such acts of intentional infringement, thus entitling CFA Institute to an award of treble its actual damages, Defendant's profits, plus attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin and False and Misleading Representations – 15 U.S.C. § 1125(a))

70.     CFA Institute repeats and realleges each and every allegation contained in Paragraphs 1 through 69 above, as if set forth herein in full.

71.     Defendant's use of the Infringing CFA Marks constitutes unfair competition and a false designation of origin or false or misleading description or representation of fact, which is likely to deceive customers and prospective customers into believing that Defendant and the Defendant Services offered for sale under Defendant's Infringing CFA Marks have been certified by CFA Institute in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     Defendant's actions cause or are likely to cause confusion or mistake among the public as to the authorization or certification of Defendant and the Defendant Services offered for sale under Defendant's Infringing CFA Marks, and to confuse the public into believing that Defendant and the Defendant Services have the approval of CFA Institute, or are otherwise

affiliated, connected, associated with, or sponsored by CFA Institute, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73.     CFA Institute has no control over Defendant and the nature and quality of the Defendant Services offered for sale under Defendant's Infringing CFA Marks.  Any failure, neglect, or default of Defendant in providing services will reflect adversely on CFA Institute.

74.     Upon information and belief, Defendant intentionally adopted and uses the Infringing CFA Marks so as to create consumer confusion and traffic off CFA Institute's reputation and goodwill under the CFA Marks.

75.     CFA Institute is informed and believes, and on that basis, alleges that Defendant has derived unlawful gains and profits from his use of the Infringing CFA Marks and infringement of the CFA Marks.

76.     The goodwill of CFA Institute's business under the CFA Marks is of great value, and CFA Institute will suffer irreparable harm should Defendant's acts of unfair competition, and false representation and designations, be allowed to continue, to the detriment of the trade reputation and goodwill of CFA Institute for which damage CFA Institute cannot be adequately compensated at law.

77.     CFA Institute has no control over the quality of the goods and services offered by Defendant.  Thus, the value of the CFA Marks of CFA Institute is subject to damage by an individual it cannot control.  Unless enjoined by this Court from so doing, Defendant will continue to engage in acts of unfair competition, and false representation and designation, to the irreparable damage and injury of CFA Institute and its authorized CFA charterholders, as well as the public's detriment.

78.     Upon information and belief, from the outset, Defendant has engaged in acts of unfair competition, and false representation and designation, with knowledge of the exclusive rights of CFA Institute in and to the CFA Marks, and Defendant continues in such acts of unfair competition, and intentional false representation and designation, thus entitling CFA Institute to an award of its actual damages, Defendant's profits, plus attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution by Tarnishment – 15 U.S.C. § 1125(c))

79.     CFA Institute repeats and realleges each and every allegation contained in Paragraphs 1 through 78 above, as if set forth herein in full.

80.     For many years, the CFA Marks of CFA Institute have been widely used and extensively advertised in the United States and internationally.  As a result, the CFA Marks have become well-known and famous as a distinctive symbol of the CFA Institute Goods & Services and the goodwill of CFA Institute.

81.     The famous CFA Marks of CFA Institute became well-known and famous before Defendant made any use of the Infringing CFA Marks.

82.     Defendant's Infringing CFA Marks are likely to cause dilution by tarnishment of the distinctive quality of the famous CFA Marks of CFA Institute.

83.     Use of Defendant's Infringing CFA Marks will harm the reputation of the famous CFA Marks and the ability to associate legitimately certified charterholders with the CFA Certification Mark and Professional Designation, and to identify and distinguish the CFA Institute Goods & Services with the CFA Marks.

84.     Upon information and belief, from the outset, Defendant has engaged in acts of trademark infringement, unfair competition, and false representation and designation, which

actions have resulted in dilution by tarnishment, with knowledge of the exclusive rights of CFA Institute in and to the CFA Marks, and Defendant continues in such acts of trademark infringement, unfair competition, false representation and designation, thus entitling CFA Institute to an award of its actual damages, Defendant's profits, plus attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition
### Under the District of Columbia Common Law)

85.     CFA Institute repeats and realleges each and every allegation contained in Paragraphs 1 through 84 above, as if set forth herein in full.

86.     CFA Institute owns and enjoys common law rights in the District of Columbia and elsewhere in the United States in and to the CFA Marks for the CFA Institute Goods & Services.

87.     Defendant has traded off and misappropriated the reputation and valuable goodwill of the CFA Marks of CFA Institute in the District of Columbia and acted in a manner that has created and will continue to create a likelihood of confusion and mistake as to the authorization or certification of Defendant and the Defendant Services.  Defendant's acts are likely to lead the public to believe mistakenly that Defendant and the Defendant Services are in some way associated with, or sponsored by CFA Institute, to the detriment of CFA Institute, its authorized CFA charterholders, and the public.  Defendant's activities constitute unfair competition, misappropriation of the goodwill of CFA Institute, and palming off.

88.     Upon information and belief, Defendant intentionally adopted and uses the Infringing CFA Marks so as to create consumer confusion and traffic off CFA Institute's reputation and goodwill under the CFA Marks.

89.     Unless enjoined by this Court from so doing, Defendant will continue his conduct of palming off and engaging in acts of unfair competition, to the irreparable damage and injury of CFA Institute and its authorized CFA charterholders, as well as the public's detriment.

90.     CFA Institute is informed and believes and, on that basis, alleges that Defendant has derived unlawful gains and profits from his unlawful acts, as alleged above, and has caused loss, injury, and damage to CFA Institute, its goodwill, and the CFA Marks, in an amount as yet unknown but to be proven at trial.

### FIFTH CLAIM FOR RELIEF
### (Accounting)

91.     CFA Institute repeats and realleges each and every allegation contained in Paragraphs 1 through 90 above, as if set forth herein in full.

92.     CFA Institute is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendant that are attributable to the acts of infringement and unfair competition.

93.     CFA Institute is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendant's acts of infringement and unfair competition.

94.     The amount of money due from Defendant to CFA Institute is unknown to CFA Institute and cannot be ascertained without a detailed accounting by Defendant of the precise revenues received under Defendant's Infringing CFA Marks.

### ALLEGATION OF DAMAGE COMMON TO ALL CLAIMS FOR RELIEF

95.     CFA Institute repeats and realleges each and every allegation contained in Paragraphs 1 through 94 above, as if set forth herein in full.

96.     CFA Institute has suffered, is suffering, and will continue to suffer irreparable harm and damage as a result of Defendant's wrongful conduct.  Defendant will, unless restrained

and enjoined, continue to act in the unlawful manner complained of herein, all to the irreparable damage of the business and reputation of CFA Institute.  CFA Institute's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

## PRAYER FOR RELIEF

WHEREFORE, CFA Institute respectfully prays the Court:

A.     Enter a judgment against Defendant that Defendant has committed and is committing acts of trademark infringement in violation of the rights of CFA Institute under 15 U.S.C. § 1114;

B.     Enter a judgment against Defendant that Defendant has willfully infringed the registered trademark rights of CFA Institute in and to the CFA Marks under 15 U.S.C. § 1114;

C.     Enter a judgment against Defendant that Defendant has committed and is committing acts of false designation of origin, false or misleading description of fact, or false or misleading representation in violation of the rights of CFA Institute under 15 U.S.C. § 1125(a);

D.     Enter a judgment against Defendant that Defendant has infringed and diluted CFA Institute's trademark rights in violation of 15 U.S.C. § 1125(c);

E.     Enter a judgment designating this action an exceptional case entitling CFA Institute to an award of its reasonable attorneys' fees incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

F.     Enter a judgment against Defendant that Defendant has engaged in trademark infringement and unfair competition in violation of the District of Columbia common law;

G.     Issue preliminary and permanent injunctive relief against Defendant, and that Defendant, his officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and restrained from:

(i)      imitating, copying, or making any other infringing use of the CFA Marks and Defendant's Infringing CFA Marks, and any other mark now or hereafter confusingly similar to the CFA Marks;

(ii)     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the CFA Marks, Defendant's Infringing CFA Marks, or any mark confusingly similar thereto;

(iii)    using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any service has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for CFA Institute, when such is not true in fact;

(iv)    using the names, logos, or other variations thereof of the CFA Marks or Defendant's Infringing CFA Marks in any of Defendant's trade or corporate names;

(v)     engaging in any other activity constituting an infringement of the CFA Marks, or of the rights of CFA Institute in, or right to use or to exploit the CFA Marks; and

(vi)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v) above;

H.      Order Defendant, at his own expense, to recall all marketing, promotional and advertising materials that bear or incorporate Defendant's Infringing CFA Marks, or any mark confusingly similar to the CFA Marks, which have been distributed, sold, or shipped, by Defendant or on his behalf, and to reimburse all customers from which said materials are recalled.

I.      Order Defendant to destroy all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in his possession or under his control, bearing the Defendant's Infringing CFA Marks, and/or any simulation, reproduction, copy, or colorable imitation thereof, and all plates, molds, matrices, and any other means of making the same.

J.      Order Defendant to publish notice to all customers or members of the trade who may have seen or heard of Defendant's use of Defendant's Infringing CFA Marks, which notice shall disclaim any connection with CFA Institute and shall advise them of the Court's injunction order and of Defendant's discontinuance from all use of Defendant's Infringing CFA Marks;

K.      Order Defendant to file with this Court and to serve upon CFA Institute within thirty (30) days after service upon Defendant of an injunction in this action, a written report by Defendant, under oath, setting forth in detail the manner in which Defendant has complied with the injunction.

L.      Order Defendant to pay the costs of corrective advertising;

M.      Order Defendant to hold in trust, as constructive trustees for the benefit of CFA Institute, his profits obtained from their provision of the Defendant Services offered for sale under Defendant's Infringing CFA Marks;

N.      Order Defendant to provide CFA Institute a full and complete accounting of all amounts due and owing to CFA Institute as a result of Defendant's illegal activities;

O.    Order Defendant to pay the general, special, actual, and statutory damages of CFA Institute as follows:

(i)    CFA Institute's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendant's willful violation of the federally registered trademarks of CFA Institute; and

(ii)    CFA Institute's damages and Defendant's profits pursuant to the District of Columbia common law;

P.    Order Defendant to pay to CFA Institute both the costs of this action and reasonable attorneys' fees incurred by CFA Institute in prosecuting this action pursuant to 15 U.S.C. § 1117(a); and

Q.    Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

CFA Institute demands a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  February 27, 2014                    Respectfully submitted,

By:  /s/ Jerald R. Hess
Ann K. Ford (DC Bar No. 341479)
John M. Nading (DC Bar No. 981625)
Jerald R. Hess (DC Bar No. 993196)
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004
Tel.: 202-799-4000
Fax: 202-799-5000
ann.ford@dlapiper.com
john.nading@dlapiper.com
j.hess@dlapiper.com

*Attorneys for Plaintiff*