**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CFA INSTITUTE,

Plaintiff,

v.

ANTOINE ANDRE,

Defendant.

Civil Action No. 14-320 (BAH)

Judge Beryl A. Howell

**MEMORANDUM OPINION**

The plaintiff, CFA Institute, filed this trademark infringement suit against the defendant, Antoine Andre, alleging that the defendant is improperly using the plaintiff's marks in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*., as well as Federal and District of Columbia unfair competition law. *See* Compl. ¶¶ 3, ECF No. 1. Pending before the Court is the motion of the defendant, who is proceeding *pro se*, to dismiss the plaintiff's Complaint "for lack of jurisdiction, improper venue, insufficient service of process, or failure to state a claim." Def.'s Mot. Dismiss ("Def.'s Mot.") at 1, ECF No. 7. For the reasons set forth below, the defendant's motion is denied.

## I. BACKGROUND

The plaintiff is "an internationally renowned global, not-for-profit association of investment professionals." Compl. ¶ 8. Among the plaintiff's enterprises is a certification service, under which the plaintiff "certifies the financial analysis services of others." *Id.* ¶ 11. The plaintiff "owns twelve United States trademark registrations . . . with a date of first use at least as early as 1962." *Id.* ¶ 10. Among those marks are "CFA," "Chartered Financial Analyst," "CFA Institute," and variations on those marks. *See id.* ¶ 11.

The mark "CFA Chartered Financial Analyst" was registered with the United States Patent and Trademark Office on December 17, 2002 and was deemed incontestable on September 3, 2008 for "financial analysis services." Compl. ¶ 17; *id.* Ex. E. (United States Trademark Registration No. 2661114) at 1, ECF No. 1-5. The mark "CFA" is registered for "association services, namely, the promotion of interest and professional standards in the field of financial analysts," as well as for "educational services" and for "printed publications in the field of financial analysis and in support of the interests of financial analysts," and is also incontestable. *See* Compl. ¶¶ 13–15; *id.* Exs. A–C (United States Trademark Registration Nos. 935504; 2493899; 2495459). Since these marks are "incontestable," the plaintiff has the right to "exclusive use of the" plaintiff's marks "throughout the United States in connection with" financial analysis services. *See* Compl. ¶ 27; *see also* 15 U.S.C. § 1115(b).

The plaintiff's members "are awarded the right to use the CFA Certification Mark" and "the professional designation 'Chartered Financial Analyst,' or 'CFA'" after, *inter alia*, amassing a set amount of professional experience and passing "a series of three rigorous, six-hour examinations." Compl. ¶¶ 30–31. The plaintiff asserts that its marks "hold great value for [the plaintiff's] charterholders," and that its marks are recognized "as the definitive standard for measuring competence and integrity in the fields of portfolio management and investment analysis," *id.* ¶¶ 35, 37.

The plaintiff alleges that the defendant, who is not certified by the plaintiff, "adopted and began using marks that are identical to or substantially indistinguishable from" three of the plaintiff's marks: CFA, CFA Institute, and Chartered Financial Analyst. Compl. ¶¶ 39–40. Specifically, the plaintiff alleges that the defendant "deliberately and willfully holds himself out as 'Tony Andre, CFA' . . . to suggest falsely that he has been certified by CFA Institute, is a

CFA charterholder, and is entitled to use" the plaintiff's marks. *Id.* ¶ 45. The plaintiff further alleges that (1) the defendant's "[s]ervices are in direct competition with" the plaintiff's services, *id.*¶ 41; (2) the defendant's use of the plaintiff's marks "is identical to and confusingly similar to" the plaintiff's marks "in appearance, sound, meaning, and commercial impression," *id.*¶ 42; and (3) the defendant's use of the plaintiff's marks "trades off the goodwill of" the plaintiff's marks, *id.* ¶ 43. The plaintiff asserts that "[c]onsumers are likely to believe mistakenly that Defendant successfully completed the rigorous CFA Program and adheres to the CFA Institute Code of Ethics and Standards of Professional Conduct," which, the plaintiff contends, "is likely to harm consumers." *Id.* ¶ 49. The plaintiff asserts that it has requested the defendant cease using its marks, but such requests have been rebuffed. *See id.* ¶ 47.

The defendant responded to the complaint by filing his one page "Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction, Improper Venue, Insufficient Service of Process, or Failure to State a Claim." Def.'s Mot. at 1. The plaintiff filed a timely opposition, *see* Pl.'s. Opp'n Def.'s Mot. ("Pl.'s Opp'n") at 3, ECF No. 12, and the defendant did not reply.

## II. LEGAL STANDARD

Although the caption of the defendant's motion suggests that the defendant is moving for dismissal under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; 12(b)(3) for improper venue; 12(b)(5) for insufficient service of process; and 12(b)(6) for failure to state a claim upon which relief could be granted, the substance of the defendant's motion indicates that he is moving to dismiss the complaint under 12(b)(1) and 12(b)(6) only. *See* Defs.' Mot. at 1. Consequently, the standards for dismissal on those two grounds are reviewed below. *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (noting courts retain power to reclassify *pro se* litigant's motion "to create a better correspondence between the substance of a *pro se*

motion's claim and its underlying legal basis"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations from *pro se* litigants are "[held] to less stringent standards than formal pleadings drafted by lawyers."); *Tate v. Dist. of Columbia*, 627 F.3d 904, 912 (D.C. Cir. 2010).

**A. Federal Rule of Civil Procedure 12(b)(1)**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S. Ct. 1059 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Indeed, federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and, therefore, have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for us to hear each dispute.'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992)). Absent subject matter jurisdiction over a case, the court must dismiss it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006); FED. R. CIV. P. 12(h)(3).

When considering a motion to dismiss under Rule 12(b)(1), the court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (quoting *Barr v. Clinton,* 370 F.3d 1196, 1199 (D.C. Cir. 2004))). The court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Moreover, in evaluating subject matter jurisdiction, the court, when necessary, may "'undertake an independent investigation to assure itself of its

own subject matter jurisdiction,'" *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1107-1108 (D.C. Cir. 2005)(quoting *Haase v. Sessions*, 835 F.2d 902, 908 (D.C. Cir. 1987), and consider facts developed in the record beyond the complaint, *id. See also Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)(in disposing of motion to dismiss for lack of subject matter jurisdiction, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."); *Alliance for Democracy v. FEC,* 362 F. Supp. 2d 138, 142 (D.D.C. 2005). The burden of establishing any jurisdictional facts to support the exercise of the subject matter jurisdiction rests on the plaintiff. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007).

**B. Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to encourage brevity and, at the same time, "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipses in original; internal quotations and citations omitted); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). The Supreme Court has cautioned that although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (quoting *Iqbal*, 556 U.S. at 678). A claim is facially plausible

when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability," but allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 678 (citing *Twombly*, 550 U.S. at 556); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action" to provide "grounds" of "entitle[ment] to relief," *Twombly*, 550 U.S. at 555 (alteration in original), and "nudge[ ] [the] claims across the line from conceivable to plausible," *id*. at 570. Thus, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in the complaint as true, even if doubtful in fact. *Twombly* at 555; *Sissel v. United States HHS*, 2014 U.S. App. LEXIS 14397 (D.C. Cir. 2014) (in considering Rule 12(b)(6) motion, the "court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor, but is not required to accept the plaintiff's legal conclusions as correct") (internal quotations and citations omitted). In addition, courts may "ordinarily examine" other sources "when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.*, 551 U.S. 322 (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)); *see also English v. District of Columbia*, 717 F.3d 968, 971 (D.C. Cir. 2013).

## III. DISCUSSION

The defendant contends that the plaintiff's complaint should be dismissed for five reasons, namely, because: (1) the amount in controversy is less than $75,000; (2) the defendant did not use the mark "CFA Institute;" (3) the defendant "provided the plaintiff with the meaning behind his CFA marks being related to: Certified Field Associate;" (4) the defendant "is not in the business of Financial Services, Investment Management, and/or any form of Securities/Services;" and (5) the defendant has "rights to use the CFA marks which the defendant has been using for over 10 years within the Staffing industry as a Certified Field Associate." *See* Def.'s Mot. at 1. Even under the liberal pleading standard applied to *pro se* litigants, these assertions are unpersuasive. Each ground is addressed below.

### A. The Amount In Controversy

In challenging the plaintiff's claims for lack of jurisdiction, the defendant confuses the statutory basis under which the plaintiff contends this Court has jurisdiction. While the defendant challenges the complaint under 28 U.S.C. § 1332(a), the diversity jurisdiction statute which requires the amount in controversy to exceed $75,000, the instant suit is brought pursuant to the Federal Lanham Act, 15 U.S.C. § 1051 *et seq.*, which is a "law[] . . . of the United States," over which "[t]he district courts . . . have original jurisdiction." 28 U.S.C. § 1331. Therefore, the Court has subject matter jurisdiction over the plaintiff's Lanham Act claims under 28 U.S.C. §1331, and the plaintiff's state law claims under 28 U.S.C. § 1367(a), since the plaintiff's claims under the common law of the District of Columbia "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy."

### B. The Plaintiff Has Pleaded That The Defendant Used The Plaintiff's Mark

The plaintiff states throughout its complaint that the defendant is using several of the plaintiff's incontestable marks, including "CFA" and "Chartered Financial Analyst." Compl. ¶¶ 39, 45. Taking the allegations in the Complaint as true, which the Court must on a motion to dismiss, the plaintiff has alleged adequately that the defendant is using the plaintiff's marks in violation of the Lanham Act and unfair competition law by "deliberately and willfully hold[ing] himself out as 'Tony Andre, CFA,' in online profiles on third-party websites," and by listing "CFA, Chartered Financial Analyst" as one of his "Awards/Honors" in those profiles. Compl. ¶ 45. If proven true, such actions would constitute trademark infringement under 15 U.S.C. § 1114 because it could constitute a "use in commerce . . . of a registered mark [that] . . . is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). Therefore, the defendant's contention is unavailing at the motion to dismiss stage, though it is conceivable that, through discovery, he may be able to prove that he does not, in fact, use the plaintiff's marks.

### C. The Remainder Of The Defendant's Contentions Are Contradicted By The Complaint

The defendant asserts that he uses the mark "CFA" in relation to the term "Certified Field Associate," and, as such, he is not infringing on the plaintiff's mark. *See* Def.'s Mot. at 1. This is directly contradicted by the plaintiff's complaint, which the Court must accept as true for the purposes of a motion to dismiss, since the plaintiff alleges that the defendant uses the term "CFA, Chartered Financial Analyst" in his online profiles, screenshots of which are attached to the Complaint. Compl. ¶ 45; *id.* Exs. M–P, ECF Nos. 1-13–1-16. For the purposes of a motion to dismiss, the plaintiff need only "show (1) that it owns a valid trademark; (2) that its trademark is distinctive or has acquired a secondary meaning, and (3) that there is a substantial likelihood of confusion between the plaintiffs' mark and the alleged infringer's mark." *Globalaw Ltd. v.*

*Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 26–27 (D.D.C. 2006) (collecting cases) (internal quotation marks and citation omitted). Here, the plaintiff has done so by asserting that it owns the CFA, Chartered Financial Analyst, and CFA Institute marks, Compl. ¶ 11; that those marks are uncontestable and, therefore, by definition distinctive or have acquired a secondary meaning, *see id.* ¶¶ 13–25; *see also* 15 U.S.C. § 1115(b); and that there is a likelihood of confusion between the plaintiff's marks and the defendant's use of the marks, *see id.* at 44–45, 49–51. Whether the defendant ascribes a different meaning to his use of the marks, whether and for how long the defendant has used the marks, and whether the defendant is in the business of financial services are factual disputes that are inappropriate to resolve on a motion to dismiss. Consequently, the plaintiff has adequately set forth a complaint that, if proven true, would state a claim upon which relief could be granted.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss is denied. The parties shall, consistent with the Court's Standing Order ¶ 3, ECF No. 3, file jointly a Meet and Confer Report pursuant to Local Civil Rule 16.3(b), by December 9, 2014.

An Order consistent with this Memorandum Opinion will issue contemporaneously.

Date: November 25, 2014

Digitally signed by Beryl A. Howell
DN: cn=Beryl A. Howell, o=District Court for the District of Columbia, ou=District Court Judge, email=howell_chambers@dcd.uscourts.gov, c=US
Date: 2014.11.25 18:22:29 -05'00'

BERYL A. HOWELL
United States District Judge